# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Matthew J. Christoff,

                Plaintiff,

vs.                                               **COMPLAINT**

Unum Life Insurance Company of America,

                Defendant.

---

Comes now the Plaintiff, and for his cause of action against the Defendant, states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred under 29 U.S.C. § 1132(e) as Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1001, et seq.

2. Venue is proper under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) as a substantial part of the events giving rise to Plaintiff's claims have occurred here, the breaches of ERISA occurred here, and the Defendant may be found here.

## PARTIES

3. Plaintiff is a Minnesota resident.

4. Defendant Unum Life Insurance Company of America is an insurance company licensed to do business in the State of Minnesota and is doing business in the State of Minnesota.

## FACTS

5. At all times material hereto Plaintiff was employed by SSI (U.S.) Inc. dba Spencer Stuart.

6. Plaintiff's employer maintained an employee benefit plan providing disability benefits to participants (hereinafter the Plan).

7. Defendant Unum Life Insurance Company of America insured the Plan under a group insurance policy.

8. Plaintiff was a participant in the plan at all material times.

9. Plaintiff became disabled under the plan on November 30, 2001, by severe fibromyalgia.

10. Defendant paid long term disability benefits (LTD) for over 15 years, from the date of Plaintiff's disability through November 21, 2016.

11. Defendant terminated Plaintiff's LTD benefits effective November 22, 2016, on the basis that Plaintiff was no longer disabled under the Plan.

12. Plaintiff appealed the termination of benefits and Defendant upheld its termination of benefits on June 15, 2017.

## COUNT I

13. Defendant's termination of Plaintiff's LTD benefits was a violation of the Plan, a violation of ERISA, and a violation of its fiduciary duties to Plaintiff.

14. That Plaintiff brings this action to recover benefits due and for a clarification of future rights and benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

## COUNT II

15. Defendant failed to give the Plaintiff's claim a full and fair review by deliberately and wrongly manipulating the claim review process with the intention to terminate Plaintiff's LTD benefits by actions, including, but not limited to:

- Intentionally mischaracterizing the substantial and material duties of Plaintiff's own occupation;
- Failing to provide its adverse medical examiner with medical records supporting Plaintiff's disability;
- Failing to advise its adverse medical examiner of the correct substantial and material duties of Plaintiff's own occupation;
- Finding Plaintiff not disabled when its own internal medical personnel determined that Plaintiff continued to be disabled; and
- Failing to give deference to Plaintiff's treating physicians, in violation of its own claims manual guidelines.

16. That Defendant's actions during the process to terminate Plaintiff's LTD benefits were a breach of its fiduciary duties under ERISA.

17. That the defendant did not have a reasonable basis upon which to terminate plaintiff's LTD benefits, and it knew there was not a reasonable basis and/or acted with reckless disregard of its lack of a reasonable basis for the termination of benefits.

18. That Defendant's breach of its fiduciary duties caused Plaintiff harm in that he had to incur attorney's fees and costs in the administrative appeals process, and Plaintiff's medical insurance was terminated as a result of Defendant's termination of his LTD

benefits, which caused him to incur great expenses for COBRA coverage, and the COBRA coverage was less comprehensive and more costly than his prior medical coverage.

19. That but for Defendant's breach of fiduciary duties, Plaintiff would not have incurred the above attorneys' fees and costs, nor would he have incurred the expense of COBRA coverage, and Plaintiff is entitled to the equitable remedy of surcharge pursuant to 29 U.S.C. § 1132(a)(3).

20. That as a direct and proximate result of Defendant's actions, Plaintiff has been forced to incur costs and attorney's fees, and under the terms of ERISA is entitled to be reimbursed by the Defendant for the fees and costs incurred in bringing the instant action.

WHEREFORE, Plaintiff requests judgment against the Defendant granting him the following relief:

1. Ordering the Defendant to pay to the Plaintiff LTD benefits from November 22, 2016 to the present and continuing so long as he satisfies the definition of disability under the Plan.

2. Ordering the Defendant to pay to the Plaintiff his attorneys' fees and costs incurred in the administrative appeal of Defendant's wrongful termination of LTD benefits.

3. Ordering the Defendant to reimburse Plaintiff for the COBRA premiums and other out-of-pocket costs that Plaintiff would not have incurred but for the Defendant's breach of its fiduciary duties.

4. Ordering the Defendant to pay Plaintiff's attorneys' fees and costs incurred in bringing this action.

5. Awarding Plaintiff prejudgment interest from and after November 22, 2016.

6. Plaintiff reserves the right to amend the Complaint to add a count under Minn. Stat. § 604.18.

7. Granting Plaintiff such other and further relief as the Court may deem just and equitable.

Dated: August 2, 2017

**NOLAN, THOMPSON & LEIGHTON, PLC**

By: s/ Mark M. Nolan
Mark M. Nolan (#79418)
Robert J. Leighton, Jr. (#220735)
Attorneys for Plaintiff
5001 American Blvd. W., Suite 595
Bloomington, MN 55437
Telephone: 952-405-7171
Fax: 952-224-0647
E-mail: mnolan@nmtlaw.com
rleighton@nmtlaw.com