# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael J. Christoff, | Civil No. 17-3512 (DWF/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Unum Life Insurance Company of America, | |
| Defendant. | |

Mark M. Nolan, Esq., and Robert J. Leighton, Jr., Esq., Nolan, Thompson, & Leighton, counsel for Plaintiff.

Christopher J. Haugen, Esq., and Terrance J. Wagener, Esq., Messerli & Kramer P.A., counsel for Defendant.

# INTRODUCTION

This matter is before the Court on Defendant Unum Life Insurance Company of America's Motion for Judgment on the Pleadings. (Doc. No. 49.) Also before the Court are Plaintiff Michael J. Christoff's objections (Doc. No. 58) to Magistrate Judge Katherine M. Menendez's February 12, 2018 Report and Recommendation (Doc. No. 52). For the reasons set forth below, the Court denies Defendant's motion, overrules Plaintiff's objections, and adopts the Report and Recommendation.

# BACKGROUND

Plaintiff asserts claims against Defendant under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), arising out of the termination

of his long-term disability ("LTD") benefits under a group employee benefit plan (the "Plan") which was insured by Defendant. (*See* Doc. No. 1 ("Compl.") ¶¶ 1, 7, 11.) Plaintiff's employer, Spencer Stuart, offered its employees disability benefits under the Plan, and Plaintiff was a plan participant. (*Id.* ¶¶ 5, 6, 9.) In November 2001, Plaintiff became disabled as a result of severe fibromyalgia, and he received LTD benefits under the Plan for more than fifteen years. (*Id.* ¶¶ 8-10.) Effective November 22, 2016, Defendant determined Plaintiff was no longer disabled and terminated his benefits. (*Id.* ¶ 11.) On June 15, 2017, Defendant upheld its termination decision on appeal. (*Id.* ¶ 12.)

Plaintiff alleges that "Defendant failed to give the Plaintiff's claim a full and fair review by deliberately and wrongly manipulating the claim review process with the intention to terminate Plaintiff's LTD benefits." (*Id.* ¶ 15.) Specifically, Plaintiff asserts that Defendant engaged in the following wrongful conduct in evaluating his claim:

- Intentionally mischaracterizing the substantial and material duties of Plaintiff's own occupation;
- Failing to provide its adverse medical examiner with medical records supporting Plaintiff's disability;
- Failing to advise its adverse medical examiner of the correct substantial and material duties of Plaintiff's own occupation;
- Finding Plaintiff not disabled when its own internal medical personnel determined that Plaintiff continued to be disabled; and
- Failing to give deference to Plaintiff's treating physicians, in violation of its own claims manual guidelines.

(*Id.*) Plaintiff asserts that these actions amounted to a breach of Defendant's fiduciary duty under ERISA, causing harm to Plaintiff in the form of attorney fees and costs in

pursuing an administrative appeal as well as replacement health care coverage costs necessitated by the termination of his LTD benefits.[1] (*Id.* ¶¶ 16, 18.)

Plaintiff asserts the following claims against Defendant: (1) violation of the Plan, ERISA, and Defendant's fiduciary duties (Count I); and (2) breach of fiduciary duties under ERISA (Count II). (*Id.* ¶¶ 13-19.) Under Count I, Plaintiff seeks to recover benefits and to obtain a clarification of his rights pursuant to 29 U.S.C. § 1132(a)(1)(B). (*Id.* ¶ 14.) Under Count II, Plaintiff seeks "the equitable remedy of surcharge" for attorney fees and substitute health care coverage under 29 U.S.C. § 1132(a)(3). (*See id.* ¶ 19.)

## DISCUSSION

### I. Defendant's Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings with respect to Count II, arguing that it is improperly duplicative of Count I. (Doc. No. 49.) Plaintiff opposes Defendant's motion. (Doc. No. 56.)

#### A. Legal Standard

A party may move for judgment on the pleadings at any point after the close of the pleadings, so long as it moves early enough to avoid a delay of trial. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law[.]" *See Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v.*

---

[1] The Court considers the factual allegations concerning Count II to be properly pled even though they are positioned in the Complaint underneath the "Count II" heading rather than in Plaintiff's "Facts" section. (*See generally* Doc. No. 1 ("Compl.") at 2-4.)

*Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)). The Court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Federal Rule of Civil Procedure 12(b)(6). *See id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**B.     Analysis**

Defendant argues that Count II asserts the same injury as Count I, and "is improperly duplicative as a matter of law." (Doc. No. 51 at 3.) According to Defendant,

4

the Supreme Court's decision in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), precludes such duplicative claims, as illustrated by the Eighth Circuit's decision in *Pilger v. Sweeney*, 725 F.3d 922 (8th Cir. 2013). Defendant distinguishes the Eighth Circuit's more recent decision in *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014), contending that Plaintiff's allegations in Count II do "not present a different factual predicate or distinct legal theory" from Count I. (Doc. No. 51 at 7.) Defendant also argues that Plaintiff's claim seeking "equitable relief" under Count II is in fact an improper attempt to obtain monetary damages. In short, Defendant argues that "[d]espite his attempt at repackaging, Plaintiff cannot avoid that, based on his own allegations, this is a benefit denial case falling squarely within § 502(a)(1)(B) and the adequate relief provided thereunder." (Doc. No. 51 at 8.)

Plaintiff, on the other hand, argues that Count II focuses not only on the denial of benefits to Plaintiff, but the "devious and calculated manner" in which Defendant manipulated the disability determination process to deny coverage. (Doc. No. 56 at 1.) According to Plaintiff, Defendant's actions constituted a breach of its fiduciary duty resulting in separate damages to Plaintiff in the form of attorney fees and expenses for replacement healthcare coverage. Plaintiff points out that Defendant's brief omits reference to the factual allegations that support this distinct claim and argues that "[t]he facts contained in the administrative file clearly show that [Defendant] embarked on a course to intentionally concoct a record to enable it to terminate benefits." (*Id.* at 3 n.2.) Plaintiff contends that Supreme Court and Eighth Circuit precedent establish that ERISA plaintiffs can assert alternate theories for benefits and equitable ("surcharge" or

5

"make-whole") relief; it is only impermissible to obtain duplicative recoveries. Plaintiff also emphasizes that caselaw suggests courts should particularly avoid dismissing ERISA claims as duplicative at the pleading stage.

Plaintiff invokes two separate provisions of ERISA in his two-count Complaint. Count I arises under 29 U.S.C. § 1132(a)(1)(B) which provides: "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Count II seeks relief under 29 U.S.C. § 1132(a)(3) which entitles beneficiaries or participants to initiate a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

In *CIGNA Corp. v. Amara*, the Supreme Court clarified the scope of "appropriate equitable relief" available pursuant to 29 U.S.C. § 1132(a)(3). 536 U.S. 421, 438-42 (2011). The types of relief available under this provision of ERISA include those that "were *typically* available in equity." *Id.* at 439 (citation omitted). Relevant here, such relief includes the equitable remedy of "surcharge" or "make-whole relief" through which "[e]quity courts possessed the power to provide monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* at 441-42. The Supreme Court explained that "[t]he surcharge remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary." *Id.* at 442.

Post-*Amara*, the Eighth Circuit has clarified that ERISA plaintiffs may seek "make-whole, monetary relief under § 1132(a)(3)." *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 724 (8th Cir. 2014). Further, it has explained that such plaintiffs can plead "alternative—as opposed to duplicative—theories of liability" as long as the plaintiff does not ultimately obtain duplicate recoveries. *Id.* at 726. The Eighth Circuit emphasized the importance of the procedural posture of the case in evaluating whether ERISA claims under § 1132(a)(1)(B) and § 1132(a)(3) are duplicative: "At the motion to dismiss stage . . . it is difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief." *Id.* at 727. Thus, courts should permit ERISA plaintiffs to plead alternative claims advancing distinct legal theories under these provisions. *See id.* at 727-28.

In evaluating whether a § 1132(a)(1)(B) benefits claim renders a § 1132(a)(3) fiduciary-duty claim improperly duplicative, the Eighth Circuit recently affirmed that "*Amara* implicitly determined that seeking relief under (a)(1)(B) does not preclude seeking relief under (a)(3)." *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 544-47 (8th Cir. 2017). In *Jones*, the court concluded that the plaintiff's two-count complaint seeking "functionally identical relief" in each count was not improperly duplicative because "Counts I and II allege[d] distinct theories of liability." *Id.* at 547. Specifically, the plaintiff alleged that the insurer (1) "denied her benefits due under the plan," and (2) "used a claims-handling process that breached its fiduciary duties . . . [which] caused

7

her to be denied benefits she was due." *Id.* Based on these distinct theories, the Eighth Circuit reversed the lower court's dismissal of Count II. *See id.* at 544, 547.

The Court concludes that *Amara*, *Silva*, and *Jones* plainly foreclose Defendant's Motion for Judgment on the Pleadings.[2] Plaintiff's claims not only arise under distinct legal theories—improper denial of benefits under the terms of the plan[3] and breach of fiduciary duty—but also seek distinct relief. Specifically, while Count I of Plaintiff's complaint seeks benefits due under the Plan, Count II seeks separate "make-whole" remedies (attorney fees and medical insurance costs) alleged to arise from Defendant's failure to fulfill its fiduciary obligations to Plaintiff. Under the governing precedent discussed above, and particularly because this case is at the pleading stage, the Court declines to dismiss Count II as duplicative. Defendant's Motion for Judgment on the Pleadings is denied.

---

[2] In support of its motion, Defendant relies on the Supreme Court's decision in *Varity* and the Eighth Circuit's decision in *Pilger*. In *Silva*, however, the Eighth Circuit did not construe these cases to foreclose pleading alternative legal theories as Plaintiff does here. *See Silva*, 762 F.3d at 726 ("We do not read *Varity* and *Pilger* to stand for the proposition that [plaintiff] may only plead one cause of action to seek recovery of [benefits]. Rather, we conclude those cases prohibit duplicate *recoveries* when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3).").

[3] Although Plaintiff's Complaint alleges under Count I that "Defendant's termination of Plaintiff's LTD benefits was . . . a violation of its fiduciary duties to Plaintiff," this count's invocation of 29 U.S.C. § 1132(a)(1)(B) distinguishes this claim from Plaintiff's fiduciary-duty claim invoking 29 U.S.C. § 1132(a)(3) in Count II. (*See* Compl. ¶¶ 14, 16, 19.)

## II. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

Plaintiff objects to Magistrate Judge Menendez's February 12, 2018 Report and Recommendation (Doc. No. 52) insofar as it recommends that Plaintiff's Motion in Support of *De Novo* Standard of Review be denied and that the District Court should apply the abuse-of-discretion standard in this case. (Doc. No. 58.) Defendant filed a response to Plaintiff's objections on March 12, 2018. (Doc. No. 61.)

Magistrate Judge Menendez recommends that the Court apply an abuse-of-discretion standard in light of the policy certificate's language granting discretionary authority to Defendant. Plaintiff argues that the certificate itself is not part of the policy, and the discretion-granting language in that document does not provide clear and explicit discretionary authority to Defendant. Plaintiff emphasizes that it is the Defendant's burden to overcome the presumption that *de novo* review applies by demonstrating that the policy includes an explicit and unambiguous delegation of discretionary authority. According to Plaintiff, the certificate's ambiguous language must be construed against Defendant, the drafter of the instrument. Plaintiff also asserts that there is no evidence that the Plan Sponsor, Plaintiff's employer, had discretionary authority or that it expressly agreed to grant such discretionary authority to Defendant.

In contrast, Defendant urges the Court to adopt Magistrate Judge Menendez's recommendation. Defendant argues that cases such as this Court's decision in *Jalowiec v. Aetna Life Ins. Co.*, 155 F. Supp. 3d 915, 919 (D. Minn. 2015), demonstrate that all parts of a plan document must be read as a whole in the manner in which a reasonable person would interpret them. Defendant asserts that the policy and certificate are

integrated documents that clearly and explicitly grant discretionary authority to Defendant. Further, Defendant disputes that the certificate creates an ambiguity or conflicts with any language contained in the policy. In addition, Defendant argues that Plaintiff's employer agreed to the terms of the Plan, including its provision granting discretionary authority, by selecting Defendant's policy. Finally, Defendant contends that the policy itself indicates that Plaintiff's employer has delegated benefits administration to Defendant.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).[4] The factual background relevant to Plaintiff's motion is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, Plaintiff's objections are overruled. The Court agrees that the abuse-of-discretion standard should apply to this matter based on the clear language in the policy granting discretionary authority to Defendant. The Court adopts the Report and Recommendation of Magistrate Judge Menendez.

---

[4] Although neither party has raised this issue, the Court notes that its review of Magistrate Judge Menendez's February 12, 2018 Report and Recommendation may appropriately arise under Local Rule 72.2(a) as it relates to a nondispositive matter. The Court concludes, however, that it would reach the same result under the more deferential "clearly erroneous or . . . contrary to law" standard applicable to nondispositive orders. *See* Local Rule 72.2(a). It is therefore unnecessary to further address this issue.

**ORDER**

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings (Doc. No. [49]) is **DENIED**.

2. Plaintiff Michael Christoff's objections (Doc. No. [58]) to Magistrate Judge Katherine M. Menendez's February 12, 2018 Report and Recommendation are **OVERRULED**.

3. Magistrate Judge Katherine M. Menendez's February 12, 2018 Report and Recommendation (Doc. No. [52]) is **ADOPTED**.

4. Plaintiff's Motion in Support of De Novo Standard of Review (Doc. No. [12]) is **DENIED** and the abuse-of-discretion standard applies in this case.

Dated: August 29, 2018         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge